The opinion of the Court was delivered by
Grimke, J.
This case has been argued on two grounds : 1. Because a ferryman is accountable as an insurer; and, 2. Because he is in the nature of a common carrier. I am of opinion that a ferryman cannot be viewed in either of these lights, because insurers and common carriers are left at liberty to make their own bargain and to proportion the price they require, to the value of the goods, and to the risk they run. But I consider him, who undertakes to keep a ferry, to enter into a contract with the Legislature of this State, that he will, for a certain price, (and which he is not bound to accept,) set over safely, and without injury, all the different articles enumerated in the ferry Acts ; and that if he do not perform this duty, which he has undertaken, without detriment to the things mentioned in the Acts, then is he liable for such injury as any one *12 may sustain at a ferry, through the deficiency of the boat, tackling, chains, &c. If this were not the ease there would be no tie, no obligation on a ferryman to attend punctually to his duty, and to have every thing in the best order for putting over persons, wagons, &c.
Stark, Solicitor, for the motion. Harper, contra.
It must be known to every ferryman, that the strain upon a chain, when the fore wheels of a loaded wagon first strike against a fiat, to enter it, is very great, and that therefore he ought to be provided with a chain of great strength to support such a blow, but particularly when the descent from the bank to the flat is steep and considerable Many flats, to avoid this severe blow of the wagon wheels, are provided with boards *which letdown and serve as a kind of bridge from the bank to the flat, and which eases off much of the violent concussion with which the fore wheels impinge on the flat. Other modes are also adopted by ferrymen, which go to show how sensible they are of the violent force with which a loaded wagon strikes against and enters a flat.
I think in cases of this kind that it would be difficult to draw a line between what was due diligence or what was not; but it is not difficult to prove, that, though an unlooked-for accident of this .sort might happen, without the ferryman’s being provided against it, he ought however to be accountable for the injury sustained. If he is not so, I am at a loss to discover what duty he is to be bound by his contract to perform, and in default of which he would be responsible.
I am, therefore, of opinion that judgment should be entered for the plaintiff.
Colcook and Gantt, JJ., concurred.
Johnson and Nott, JJ., dissented.